# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-20887

ROY C. AMES, doing business as
Home Cooking Records; CLARITY
MUSIC,

                                   Plaintiffs - Counter Defendants - Appellants,

                        versus

LES KIPPEL, ET AL.,

                                   Defendants,

LES KIPPEL; RELIX RECORDS, INC.,

                                   Defendants - Counter Claimants - Appellees,

RELIX MAGAZINE AND RECORDS;
SOUTHWEST WHOLESALE RECORDS
AND TAPES,

                                   Defendants-Appellees.
_____

On Appeal from the United States District Court
for the Southern District of Texas
(H-95-CV-3238)
_____

December 14, 1999

Before POLITZ, GARWOOD and DAVIS, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Roy C. Ames challenges the district court's confirmation of an arbitration award and dismissal of his claims against Relix Records, et al. For the reasons assigned, we affirm.

**BACKGROUND**

Ames and Relix were parties to an arbitration proceeding in a dispute over several license agreements that granted Relix the right to manufacture and sell sound recordings by Johnny Winter. During the arbitration process, Ames was ordered to produce certain documents, which he failed to do despite repeated orders and warnings that his complaint would be dismissed and that an award would be rendered in favor of Relix.

Several months after the initial deadline for document production, Ames alleged for the first time that the license agreements at issue had expired and submitted a termination letter purportedly sent to Relix by Ames. Relix responded that the letter was fraudulent, citing multiple inconsistencies. Finding that Relix made a *prima facie* showing of fraud in connection with the letter, the arbitrator directed Ames to respond to the fraud allegations and to comply with the previous production orders. The arbitrator warned Ames that, absent a response, he would find that the letter was fraudulent and that Ames intended to commit fraud upon the arbitrator and the arbitration process. Again, Ames wholly failed to comply with the arbitrator's orders. The arbitrator thereafter concluded that the letter was intentionally fraudulent.

The arbitrator then invited both parties to submit evidence relevant to

termination of the license agreements and relevant to the determination that Ames' claims should be dismissed with prejudice without a hearing on the merits. Close upon three months later, Ames again was advised by the arbitrator that he was in default as to both the show cause and production orders. After providing Ames yet another opportunity to show cause why a default judgment should not be rendered against him and receiving no response, the arbitrator entered a preliminary award for Relix and against Ames on every liability issue. The arbitrator entered a final award against Ames, granting Relix $100,000 in actual damages, trebled to $300,000, plus attorney's fees and costs. Ames also was ordered to bear all of the fees associated with the arbitration proceedings.

Ames, d/b/a Home Cooking Records, and Clarity Music (collectively, "Ames") filed an action against Les Kippel; Relix Records, Inc.; Relix Magazine and Records, Inc.; and Southwest Records and Tapes (collectively, "Relix") seeking to vacate the arbitration award. Ames also sought partial summary judgment on his claims against Relix for copyright infringement and false designation of origin. Relix moved to confirm the arbitration award.

The district court denied Ames' motions for partial summary judgment. Concluding that there were no grounds upon which to reject or vacate the arbitration award, the court rendered judgment confirming the award in its entirety. The court, determining that all claims and counterclaims were subject to arbitration and were addressed by the arbitration award, dismissed same with prejudice. This appeal followed.

3

**ANALYSIS**

We review the district court's confirmation of the arbitration award *de novo*.[2] Our review of an arbitrator's award, however, is extremely deferential, and it will be set aside only in the narrowest of circumstances.[3] We will not reject an arbitrator's award if the matter was subject to arbitration and the arbitrator's decision "draws its essence" from the underlying contract.[4] Further, we will not reconsider an award based on alleged errors of fact or law or misinterpretation of the contract.[5] In determining whether an arbitrator exceeded his powers, we resolve all doubts in favor of arbitration.[6]

We have recognized that arbitrators may "devise appropriate sanctions for abuse of the arbitration process."[7] It is apparent that Ames abused the arbitration process by repeatedly refusing to comply with the arbitrator's orders and warnings. We also accept the arbitrator's finding that Ames intentionally submitted a

---

[2]**Executone Info. Sys., Inc. v. Davis**, 26 F.3d 1314 (5th Cir. 1994).

[3]**First Options of Chicago, Inc. v. Kaplan**, 514 U.S. 938 (1995). The Federal Arbitration Act provides that an arbitration award shall not be vacated unless: (1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption in the arbitrator; (3) the arbitrator was guilty of misconduct which prejudiced the rights of one of the parties; or (4) the arbitrator exceeded his powers. 9 U.S.C. § 10(a); **Gateway Techs., Inc. v. MCI Telecomms. Corp.**, 64 F.3d 993 (5th Cir. 1995).

[4]**Executone**, 26 F.3d at 1320.

[5]**Nauru Phosphate Royalties v. Drago Daic Interests, Inc.**, 138 F.3d 160 (5th Cir.), *cert. denied*, __, U.S. __, 119 S.Ct. 179 (1998).

[6]**Executone**, 26 F.3d at 1320.

[7]**Forsythe Int'l v. Gibbs Oil Co.**, 915 F.2d 1017, 1023 n. 8 (5th Cir. 1990).

fraudulent document. Thus, we hold that it was within the arbitrator's authority to sanction Ames for his noncompliance and fraudulent conduct by determining all liability issues against him and in favor of Relix.

A close review of the briefs and record on appeal persuades that no grounds exist upon which to vacate the arbitration award. We conclude that the terms of the award rationally may be inferred from the underlying agreements. Our limited role in the review of arbitration awards mandates that we affirm the district court's judgment confirming the award.

Ames also complains of the district court's denial of his two motions for summary judgment. His first motion relates to his claim that Relix continued to violate his copyrights after the *Birds Can't Row Boats* license was terminated in 1994. His second motion seeks summary judgment on his claims that Relix infringed his copyrights and falsely designated the origin of certain *Birds* songs on its *Best of the Blues* Volumes II and III. We treat his challenges to the denial of summary judgment as an appeal of the district court's judgment dismissing all claims based upon the court's determination that they were subject to the parties' arbitration agreements and resolved by the arbitration award. Ames contends that the district court erred in concluding that the claims asserted in his summary judgment motions were subject to arbitration. Specifically, he maintains that neither of the claims contained in his summary judgment motions were based upon a contract or an agreement containing an arbitration clause.

Assuming, *arguendo*, that these claims were not subject to arbitration under

the general arbitration provisions in the license agreements, we nonetheless agree with the district court that these issues were presented for arbitration and properly resolved by the arbitration award. We have noted that parties may agree to the submission to arbitration of existing controversies without any prior contract or agreement to do so.[8] The record discloses that Ames previously submitted to the arbitrator the issues set forth in his summary judgment motions.[9] The arbitrator specifically denied Ames' request for damages on these issues in the final partial award, which was reconfirmed in the final award.[10] Accordingly, we hold that the district court properly dismissed Ames' claims with prejudice, as they were subject to arbitration and addressed by the arbitration award.

The judgment appealed is AFFIRMED.

---

[8]**General Motors Corp. v. Pamela Equities Corp.**, 146 F.3d 242 (5th 1998).

[9]Ames' Demand for Arbitration defines the nature of the dispute as "Breach of Contracts/Copyright Infringement/Fraud." Throughout the arbitration proceedings, Ames advanced the same allegations upon which his summary judgment motions are based. Ames also explicitly placed these issues before the arbitrator in his 10/11/96 Statement of Issues and his 10/24/96 Statement of Issues, which were submitted to the arbitrator prior to the final arbitration hearing.

[10]Specifically, the arbitrator noted that

> Mr. Ames' damages for Relix's infringement, after license termination, of Mr. Ames' rights in Birds Can't Row Boats . . . are denied as to Relix as part of the award based on Mr. Ames' various malfeasances.